COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| STEPHON CLARK, | | No. 08-13-00216-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 367th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Denton County, Texas |
| | § | |
| Appellee. | | (TC# F-2010-0790-E) |
| | § | |

## O P I N I O N[1]

Appellant Stephon Clark seeks reversal of his conviction on one count of possessing a controlled substance. We affirm the trial court's judgment.

## BACKGROUND
### *Factual History*

On October 28, 2009, then-State Trooper Keith Green stopped Appellant for speeding on Interstate 35 near the University of North Texas in Denton. Green testified that during the stop, he smelled burnt marijuana and saw marijuana residue in plain view. Based on this, Green concluded he had probable cause to search Appellant's vehicle. He asked Appellant and his passenger to exit the vehicle. He patted down Appellant and found nothing suspicious. He also asked the passenger to remove her small dog from the vehicle. While Green conducted a search

---

[1] We hear this case on transfer from the Second Court of Appeals in Fort Worth pursuant to a Supreme Court of Texas order. See Tex.Gov't Code Ann. § 73.001 (West 2013).

of the vehicle, dispatch called him on his cell phone informing him that a witness had called in to report information. Based on the information, Green walked over and retrieved a bag from the road that field-tested as positive for a controlled substance. On cross-examination, Green admitted that the area was a public area near a university with a lot of traffic and people. Green also stated that he never saw Appellant throw the bag of drugs from his person.

Contemporaneously with the stop, witness Paul Bell was eating lunch at a Taco Cabana nearby and witnessed a police officer conducting a traffic stop. Bell witnessed a black male throw a baggie over his shoulder and onto the median behind him. Bell called his work supervisor, who told him to call the Denton Police Department. Bell called police and told them that he saw the driver of the stopped vehicle throw an unidentified bag behind him. While on the phone, Bell heard dispatch relay that information to an officer. Bell then saw the police officer from the traffic stop walk over and pick up a bag off the roadway.

Later testing indicated that the pills contained 0.98 grams of 3, 4-methylenedioxymethampetamine, a controlled substance commonly referred to as MDMA or ecstasy.

### *Procedural History*

The State indicted Appellant on one count of possessing less than a gram of a controlled substance. Following trial, the jury returned a guilty verdict. The trial court sentenced Appellant to two years' in state jail, probated for five years. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Appellant maintains that the evidence underpinning his possession conviction is legally insufficient even though Bell purportedly saw him throw away a bag during the traffic stop because it is equally plausible that the bag was on the road prior to the

2

traffic stop. We disagree.

### *Standard of Review*

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Lucio v. State*, 351 S.W.3d 878, 894 (Tex.Crim.App. 2011); *see also Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010)[Internal quotation marks omitted]. "We do not overturn a verdict unless it is irrational or unsupported by proof beyond a reasonable doubt." *Smallwood v. State*, No. 08-12-00215-CR, 2014 WL 4269155, at *3 (Tex.App.--El Paso Aug. 29, 2014, pet. ref'd)(not designated for publication).

### *Analysis*

"In order to establish the unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband and (2) that the accused knew that the matter possessed was contraband." *Guy v. State*, 160 S.W.3d 606, 612 (Tex.App.--Fort Worth 2005, pet. ref'd). "The issue is whether the evidence will support a reasonable inference that the defendant knowingly possessed the contraband." *Id*. Where a defendant "is not in exclusive possession of the place where the substance is found," the State must establish an affirmative link between the defendant and the contraband. *Id*. In assessing the legal sufficiency of the affirmative link, we may consider twelve factors: "(1) defendant's presence when search warrant was executed; (2) whether the

3

contraband was in plain view; (3) defendant's proximity to and the accessibility of the narcotic; (4) whether defendant was under the influence of narcotics when arrested; (5) whether defendant possessed other contraband when arrested; (6) whether defendant made incriminating statements when arrested; (7) whether defendant attempted to flee; (8) whether defendant made furtive gestures; (9) the presence of odor of the contraband; (10) the presence of other contraband or drug paraphernalia; (11) defendant's ownership or right to possession of the place where the controlled substance was found; and (12) whether the place the drugs were found was enclosed." *Guy*, 160 S.W.3d at 612-13.

Here, the testimony adduced at trial is legally sufficient to support Appellant's conviction, regardless of whether the jury believed the evidence was circumstantial or direct. Appellant was present during Green's search (Factor One), the bag of ecstasy was in plain view on the road (Factor Two), Green found the bag on a public highway close to the location of the traffic stop (Factor Three), and Green smelled and saw marijuana residue in the car (Factors Five and Ten). Taken together, those circumstances would allow a jury to draw an inference that Appellant possessed the MDMA. Further, the two witnesses' testimony, taken together, would allow a reasonable jury to find that Bell saw Appellant throw the drugs behind him while Green was distracted, and that as a result of Bell's call to Denton police dispatch, Green was able to find those thrown drugs. That would constitute direct evidence of Appellant's possession. The jury's verdict was reasonable and supported by legally sufficient evidence.

Issue One is overruled. The judgment of the trial court is affirmed.

July 24, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

4